

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LEVELT FRANCOIS, ET AL                          CIVIL ACTION

VERSUS                                          NO: 00-0309

GEORGE S. McDONALD, ET AL                       SECTION: "R"(1)

## REPORT AND RECOMMENDATION

The defendants, Exxon Company, U.S.A., National Union Fire Insurance Company of Pittsburgh and George S. McDonald, filed a motion for sanctions on June 12, 2000. Rec. doc. 10. In this motion the defendants seek an order dismissing one of the plaintiffs, Karen Carter, for failing to appear twice at her deposition and for an order requiring Ms. Carter to pay all reasonable costs, including attorney's fees. Inasmuch as the defendants seek the dismissal of Ms. Carter, the court must treat the matter as a referral under 28 U.S.C. §636(b)(1)(A) and Local Rule 72.1E and issue a report and recommendation.

This action was initially filed in the Civil District Court for the Parish of Orleans, State of Louisiana. It was removed to federal court on January 31, 2000. Rec. doc. 1. There was a preliminary conference on February 17, 2000, where the trial was set for December 4, 2000. Rec. doc. 5. On April 5, 2000, the moving defendants filed a notice of deposition for Karen Carter to

DATE OF ENTRY
JUL 7   2000

JUL 0 7 2000

DATE OF MAILING

appear at the offices of her counsel on April 14, 2000. Rec. doc. 7. A subpoena is not required, if the person to be examined is a party. 8A Wright, Miller and Marcus, Federal Practice and Procedure, §2107 (2d. ed. 1994).

The *proces verbal* for the deposition shows that Ms. Carter did not appear and that her counsel was present. Ms. Carter's deposition was re-noticed for May 25, 2000. Rec. doc. 9. Again Ms. Carter failed to appear. The *proces verbal* shows that Ms. Carter's counsel was present. For the record he described his unsuccessful efforts to reach Ms. Carter by certified mail, telephone and subpoena. Exhibit G to defendants' motion for sanctions.

Fed. R. Civ. P. 37(d) provides that if a party fails to appear before the officer who is to take the deposition, after being served with a proper notice, the court in which the action is pending may make an order dismissing the action or any part thereof. Ms. Carter has twice failed to appear for her deposition. She has been properly served through her counsel of record. Her own counsel has acknowledged for the record that he has been unable to communicate with Ms. Carter.

Fed. R. Civ. P. 37(d) also provides that the court shall require the party failing to act to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust. On the record before the undersigned, there is no basis to deny the defendants such relief.

Local Rule 7.5 E. of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed AND a copy be delivered to chambers eight days prior to the date set for hearing of the motion. No memorandum in opposition to defendants' motion sanctions, set for hearing on July 5, 2000 at 9:00 a.m. without oral argument, has been timely submitted. Accordingly, this motion is deemed to be unopposed.

2

## CONCLUSION

The undersigned having considered the merits of the defendants' motion for sanctions, the fact that the motion is unopposed, the record and the applicable law and for the reasons assigned,

IT IS RECOMMENDED that the motion for sanctions be granted and that the claims of Karen Carter be dismissed with prejudice and that Ms. Carter pay the reasonable expenses, including attorney's fees, caused by her failure to appear at her deposition, including the defendant's time spent in preparing for the scheduled depositions of Ms. Carter and in prosecuting this motion.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. USAA, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this ⟨ day of July, 2000.

SALLY SHUSH AN
United States Magistrate Judge