

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LEVELT FRANCOIS, et al | CIVIL ACTION |
| VERSUS | NO: 00-0309 |
| GEORGE S. McDONALD, et al | SECTION: "R"(1) |

## REPORT AND RECOMMENDATION

On November 19, 1998, it is alleged that there was a collision between a vehicle owned by Exxon Company, USA ("Exxon"), a defendant, and operated by George S. McDonald ("McDonald"), also a defendant, and a vehicle owned and operated by the plaintiff, Levelt Francios. Karen Carter, also a plaintiff, was alleged to be a guest passenger in the Francois vehicle. A petition was filed in July, 1999, in the Civil District Court for the Parish of Orleans, State of Louisiana. The defendants removed the petition to this court. Rec. doc. 1.

Karen Carter failed to appear for her deposition on two occasions. The undersigned recommended that the defendants' motion for sanctions be granted, the claims of Karen Carter be dismissed with prejudice and Ms. Carter pay the reasonable expenses, including attorneys' fees, caused by her failure to appear at her deposition, including the defendants' time spent in preparing

DATE OF ENTRY
SEP 21 2000

SEP 21 2000

DATE OF MAILING

for the scheduled depositions of Ms. Carter and in prosecuting the motion for sanctions. Rec. doc. 11. United States District Judge Vance issued an order adopting the undersigned's recommendation.

Before the undersigned is the request of Exxon, National Union Fire Insurance Company of Pittsburgh and McDonald. These defendants seek an award of $3,523.63. in attorneys' fees and costs. After carefully reviewing the defendants' submission and the response on behalf of Ms. Carter, the undersigned finds that the reasonable fees and costs are $1,589.25.

Ms. Carter, through her counsel makes the following arguments: 1) the dismissal of Ms. Carter's suit is sanction enough, 2) the inability of Ms. Carter to communicate with her counsel is attributable to the illness of Ms. Carter's grandmother, 3) the defendants did not incur additional expenses because Ms. Carter has to be deposed as a witness, even if she is not a party, and 4) the defendants' submission contains duplicative and unrelated fees and expenses.

Based upon the information before the undersigned, counsel for Ms. Carter has done everything he could to secure the cooperation of Ms. Carter and her active participation in the lawsuit. Ms. Carter simply refuses to cooperate. Although her counsel attributes Ms. Carter's failure to participate to the illness of her grandmother, with whom she resides, this is not borne out by the record. The correspondence of Ms. Carter's counsel shows that as recently as September 7, 2000, Ms. Carter failed to keep an appointment with her counsel that was personally confirmed with her counsel by telephone the previous day. See attachments to memorandum in opposition to attorneys' fees and costs. Ms. Carter's refusal to cooperate in the prosecution of a suit that she initiated merits not only the dismissal of her claims, but also an award of reasonable attorneys' fees and costs. Even if Ms. Carter is not a party, but only a witness, the defendants have been put to unnecessary expense by her failure to cooperate and participate in the lawsuit initiated by her.

The remaining issue is the reasonableness of the fees and costs sought by the defendants. The opposition on behalf of Ms. Carter has some merit. The defendants noticed Ms. Carter's deposition for April 14, 2000. On that day the defendants deposed Ms. Francois, but Ms. Carter did not appear. Considering the nature of the claim, an intersectional collision, and Ms. Carter's status a guest passenger, little, if any additional preparation was required for Ms. Carter's deposition. Ms. Carter's deposition was re-noticed for May 25, 2000. Some preparation by way of refreshing counsel's recollection of the file was in order. Ms. Carter did not appear, so a record had to be made. The defendants were then required to prepare a motion for sanctions.

The time records submitted by counsel for the defendants show that two attorneys worked on this matter. For a claim such as this, one attorney should have been sufficient. The attorney with the most time was Michael Golemi, so the time for the second attorney, David Reisman, will be eliminated. The time records show time for paralegals, but the supporting entries show that most of their time is clerical or administrative. The United States Supreme Court has held that purely clerical tasks should not be billed at a paralegal rate, regardless of who performs them. Missouri v. Jenkins, 491 U.S. 274, 288 n. 10, 109 S.Ct. 2463, 2472 n. 10 (1989), citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717 (5th Cir.1974). All of the entries for the paralegals are eliminated as clerical or administrative, except for the entries of April 13, 2000 for 1.50 hours and May 10, 2000 for 1.50 hours.

For the reasons previously noted some of Michael Golemi's entries represent duplicative or excessive time. These entries are as follows:

        April 13, 2000        1.70
        April 14, 2000        4.20
        May 9, 2000          0.50

3

|           |       |
|-----------|-------|
| May 24, 2000 | 1.00 |
| May 26, 2000 | 0.40 |
| May 30, 2000 | 0.70 |
| June 1, 2000 | 0.50 |
| June 2, 2000 | 1.00 |
| July 6, 2000 | 1.00 |
| Total        | 11.00 |

The hourly rates sought by the defendants are reasonable and the opposition does not challenge the rates. The defendants' requested hours, the reduction in the hours, and the hourly rates sought by the defendants are as follows:

| Time Keepers | Hours Sought | Reduction | Hours Included | Hourly Rate | Total |
|---|---|---|---|---|---|
| Reisman | 3.4 | 3.4 | 0.0 | $135 | $ 0.0 |
| Golemi | 23.3 | 11.00 | 12.30 | $112.50 | $1,383.75 |
| Paralegal | 7.4 | 4.40 | 3.0 | $58.50 | $ 175.50 |
|  |  |  |  | TOTAL | $1,559.25 |

The defendants also seek expenses of $30.00 for the court reporter's charges and $12.88 for online legal research. The defendants should recover for the court reporter's charges, but not the online research charges. The online research charges are not documented and they are part of an attorney's overhead. In re San Juan Dupont Plaza Hotel Fire Litigation, 142 F.R.D. 41, 46 (D.P.R. 1992) ("Electronic research charges are properly reflected as part of the law firm's overhead and, as such, are a factor to be included in the setting of attorneys fees as opposed to ordinary costs."). The reasonable attorneys' fees are $1,559.25 and the reasonable costs are $30.00 for a total of $1,589.25.

IT IS RECOMMENDED that defendants be awarded attorneys' fees in the amount of $1,559.25 and costs in the amount of $30.00, for a total of $1,589.25.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. USAA, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 20 day of September, 2000.

SALLY SHUSHAN
United States Magistrate Judge