FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 OCT 13 AM 10: 08

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LEVELT FRANCOIS, ET AL.                              CIVIL ACTION

VERSUS                                               NO: 00-309

GEORGE S. McDONALD, ET AL.                           SECTION: "R"(1)

## ORDER AND REASONS

Before the Court is defendants George S. McDonald, Exxon Company, U.S.A., and National Union Fire Insurance Company of Pittsburgh's unopposed motion in limine to preclude plaintiff Levelt Francois from introducing or relying upon any of his expert's testimony at trial. For the following reasons, the Court grants defendants' motion in limine.

The Court's February 7, 2000 scheduling order directed plaintiff to exchange his expert reports by August 18, 2000. On September 18, 2000, thirty-one days late, plaintiff amended his witness list to include an expert, whose expert report has yet to be produced.

Federal Rule of Civil Procedure 16(b) authorizes district courts to control and expedite the discovery process through a scheduling order. *See* FED. R. CIV. P. 16(b). Consistent with

DATE OF ENTRY
OCT 1 3 2000

Fee_____
Process___
X Dktd____
__CtRmDep_
__Doc.No.__

this authority, the Court has "broad discretion" to enforce its scheduling order.  *See Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990)("[O]ur court gives the trial court 'broad discretion to preserve the integrity and purpose of the pretrial order.'" (quoting *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979))).  Rule 16(f) specifically authorizes the Court to sanction a party for failing to comply with its scheduling order by excluding evidence.  *Rushing v. Kansas City S. Ry. Co.*, 185 F.3d 496, 509 (5th Cir. 1999)("We will not disturb 'a trial court's decision to exclude evidence as a means of enforcing a pretrial order . . . absent a clear abuse of discretion.'" (quoting *Geiserman*, 893 F.2d at 790)).

In *Geiserman*, the Fifth Circuit listed four factors that a court should consider in exercising its discretion to exclude evidence: (1) a party's explanation for its failure to timely identify its witnesses and exhibits; (2) the importance of the proposed evidence; (3) potential prejudice in allowing the admission of the exhibits or testimony; and (4) the availability of a continuance to cure such prejudice.  *Geiserman*, 893 F.2d at 790.  *See also Rushing*, 185 F.3d at 509.

After considering these four factors, the Court finds that plaintiff has not supplied any explanation for his delay in submitting or the importance of the late expert report.

Therefore, the Court grants defendants' motion in limine to preclude Levelt Francois from introducing or relying upon any of his expert's testimony at trial.

New Orleans, Louisiana, this 12th day of October, 2000.

_____
SARAH S. VANCE
UNITED STATES DISTRICT COURT